UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-663-CR-GOLD/MCALILEY

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GERARDO E. VANEGAS-VERA,

        Defendant.
_____/

**REPORT AND RECOMMENDATION THAT DEFENDANT'S
MOTION FOR RELIEF FROM JUDGMENT, AND MOTION TO COMPEL,
<u>BE DENIED</u>**

Pending before the Court is a Motion for Relief from Judgment filed by *pro se* Petitioner, Gerardo E. Vanegas-Vera ("Vanegas-Vera") [DE 338]. Also pending is his Motion to Compel and/or to Supplement [DE 360]. Having considered the Motions, the Response, Reply and applicable law, the Court recommends that both Motions be denied, for the reasons set forth below.

**I. BACKGROUND**

Vanegas-Vera, along with a co-defendant, Hernando Guzman ("Guzman"), and other crew members, were charged by Indictment with the unlawful transportation of approximately two and one half tons of cocaine aboard a freighter. [DE 61]. The case went to trial, and Vanegas-Vera and Guzman were convicted of conspiracy and possession of

cocaine aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 1903. In July, 1999, both men were sentenced to 292 months imprisonment. [DE 237, Vanegas-Vera Judgment; DE 236,Guzman Judgment ].

Vanegas-Vera and Guzman appealed their convictions, and those convictions were affirmed by the Eleventh Circuit Court of Appeals. [DE 297]. Both men filed Motions to Vacate their sentences pursuant to 28 U.S.C. § 2255 [DE 299, 300], and both were denied. [DE 305, 306]. Vanegas-Vera did not appeal the denial of his Petition. Guzman did however, claiming that his attorney refused to allow him to testify on his own behalf at trial and had he testified, he would have provided exculpatory evidence that would have likely led to a different outcome at trial. The Eleventh Circuit remanded the matter to this Court to hold an evidentiary hearing on this claim. [*See Guzman v. United States*, No. 03-10901 (11th Cir. Nov. 19, 2003) (DE 31 in 02-CV-22515)]. After a hearing, this Court found that Guzman had received ineffective assistance of counsel in this regard. Accordingly, Guzman's convictions were vacated and a new trial ordered. [DE 308]. Ultimately, Guzman pled guilty and was sentenced to 110 months imprisonment. [DE 318, Plea Agreement; DE 320, Judgment].

Vanegas-Vera filed the Motion currently before the Court, seeking Relief from Judgment under Federal Rule of Civil Procedure 60, or alternatively, under a Writ of *Audita Querela*. [DE 338]. The basis for Vanegas-Vera's Motion is that the same exculpatory testimony that might have led to a different outcome for Guzman, would have done the same

for Vanegas-Vera; thus he asks this Court vacate his conviction and sentence. Vanegas-Vera also filed a Motion to Compel and/or Supplement, in which he asks the Court to either order the government to supplement its response to his Motion, to address certain points that Venegas-Vera raised in that Motion, or to permit Venegas-Vera to file a supplement to his Motion.

## II. ANALYSIS

### A.   Motion for Relief from Judgment

Vanegas-Vera asks this Court to vacate its judgment of conviction and his sentence under two different theories: under Federal Rule of Civil Procedure 60, or under a Writ of *Audita Querela*. Each argument is addressed in turn.

#### 1.   Rule 60

Vanegas-Vera moves for relief under various sections of Rule 60: Rule 60(b)(5), Rule 60(b)(6), Rule 60(d)(1), and Rule 60(d)(3). Vanegas-Vera argues that because the judgment against Guzman was vacated, the judgment against him should also be vacated. Vanegas-Vera raises various arguments that justice requires this Court to set aside his conviction and sentence pursuant to the power conferred by Rule 60. Under established Eleventh Circuit case law, however, this Court may not consider the arguments Vanegas-Vera has raised.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), limits the ability of state prisoners to file successive petitions for federal habeas corpus relief under 28 U.S.C. § 2254, and of federal prisoners seeking relief

under 28 U.S.C. § 2255. *See* 28 U.S.C. §§ 2244 (a)-(b), 2255; *see Gonzalez v. Sec'y for the Dep't of Corr.*, 366 F.3d 1253, 1256 (11th Cir. 2004). AEDPA's purpose was to achieve finality in judgments in criminal cases and to that end, it severely limits the filing of second or successive petitions. *Id*. AEDPA requires a prisoner to first receive permission, before filing a successive petition. 28 U.S.C. § 2244(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").[1]

The Eleventh Circuit has expressly stated that authorization from the court of appeals is a jurisdictional requirement for district court review: "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). In other words, if a prisoner in this Circuit files a successive petition under § 2254 or § 2255, and has not received authorization from the Eleventh Circuit, the district court has no jurisdiction to hear the petition, and must dismiss it.

While Vanegas-Vera has styled his Motion as one filed pursuant to Rule 60, it is, in substance, a claim for relief under § 2255. This practice has grown since the enactment of AEDPA. The Eleventh Circuit observed as much in *Gonzalez*: "habeas petitioners and § 2255 movants have sought to circumvent the AEDPA's restrictions on second round

---

[1] 28 U.S.C. § 2255(h) contains the same requirement: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."

collateral attacks in federal courts. One of the most popular vehicles used in the attempted end-runs is a Fed. R. Civ. P. 60(b) motion requesting that the prior judgment denying relief be set aside." 366 F.3d at 1256.

In *Gonzalez*, the Eleventh Circuit undertook an exhaustive analysis of whether, and to what extent, Rule 60 motions may be utilized in habeas cases. The court began by noting that the overall purpose of AEDPA was to ensure the finality of judgments in criminal cases, and that AEDPA specifically restricted successive § 2254 and § 2255 petitions. *Id*. at 1269. This central purpose, the court explained, "severely limit[s] the application of Rule 60(b) to habeas cases." *Id*. The court further explained that "Rule 11 of the Rules Governing § 2254 Cases provides that the Federal Rules of Civil Procedure 'may be applied, when appropriate' in habeas proceedings, but only 'to the extent that they are not inconsistent with these rules.'" *Id*. at 1269-70 (quoting Rule 11, 28 U.S.C. fol. § 2254). The court reasoned that because the habeas rules trump the general Rules of Civil Procedure, any inconsistency between the rules must be resolved in favor of the habeas rules. *Id*.

The *Gonzalez* court discussed the conflict between Rule 60 and the habeas rules as modified by AEDPA as follows:

> Most of the provisions of Rule 60(b), which vest courts with broad discretion to reopen judgments on a wide variety of grounds, are inconsistent and irreconcilable with the AEDPA's purpose, which is to greatly restrict the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications, and with its central concern that the merits of concluded criminal proceedings not be revisited in the absence of a strong showing of actual innocence.

5

*Id.* at 1271 (citations and quotation marks omitted). The court noted that the catch-all provisions of Rule 60(b)(6), which allow for reopening a final judgment for "any other reason justifying relief from the operation of the judgment" cannot be reconciled with the habeas rules, as it "eviscerate[s] the provisions of AEDPA." *Id.* It also observed that "[t]he discretion to reopen final judgments contemplated in most of the provisions of Rule 60(b) cannot co-exist in a habeas case with § 2244(b). . . ." *Id.* at 1272. The court nonetheless held that although "Rule 60(b) cannot and does not apply in habeas cases the way it does in ordinary civil cases, [] it does not necessarily mean that no aspect of the rule has any relevance to habeas cases." *Id.*[2]

Using the Supreme Court's analysis in *Calderon v. Thompson*, 523 U.S. 538 (1998),

---

[2] On review, the Supreme Court disagreed with a portion of the Eleventh Circuit's analysis on review in *Gonzalez v. Crosby*, 545 U.S. 524 (U.S. 2005). The Court stated: "We hold that a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. A motion that, like petitioner's, challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3)." *Id.* at 538. This disagreement by the Supreme Court does not affect the applicability of *Gonzalez* to this case. Here, Vanegas-Vera's petition does reassert claims of error in his conviction, and the petition therefore does not fall within the exception created by the Supreme Court. Moreover, the Supreme Court specifically stated that its review was limited to petitions under 28 U.S.C. § 2254: "In this case we consider only the extent to which Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254, which governs federal habeas relief for prisoners convicted in state court. Federal prisoners generally seek postconviction relief under § 2255, which contains its own provision governing second or successive applications. Although that portion of § 2255 is similar to, and refers to, the statutory subsection applicable to second or successive § 2254 petitions, it is not identical. Accordingly, we limit our consideration to § 2254 cases." *Id.* at 530, n. 3. Because Vanegas-Vera is a federal prisoner operating under 28 U.S.C. § 2255, the Supreme Court's decision in *Gonzalez* does not apply in this case.

the *Gonzalez* Court determined that a Rule 60 motion that follows the denial of a § 2254 or § 2255 motion must be construed as a successive § 2254 or § 2255 motion, and is therefore subject to the dismissal strictures of the AEDPA, unless one of two specific exceptions exist. 366 F.3d at 1277. The Court's ultimate conclusion was that "[t]he point of the rule we announce today is that the petitioner may not get around the statutory restrictions on second or successive petitions by filing a Rule 60(b) motion, unless the grounds of the motion fit within one of the two exceptions we are about to discuss." *Id*.

The two exceptions are clearly stated. The first is where the judgment must be reopened to correct clerical errors in the judgment itself. *Id*. at 1278. The second exception exists where the petition demonstrates that "there was a fraud on the court which led to the denial of the habeas petition." *Id*. In these two instances, a Rule 60(b) motion will not be construed as a non-authorized, successive petition, and will not be subject to dismissal for lack of jurisdiction.

Thus, in this Circuit, unless the petition falls into one of the two exceptions outlined in *Gonzalez*, this Court must not consider the merits of the petition, but must dismiss it for lack of jurisdiction if the petitioner has not received authorization from the Eleventh Circuit to file the petition. *See United States v. Winston*, 346 Fed. Appx. 520, 522 (11th Cir. 2009) (the district court lacked jurisdiction to consider the merits of a Rule 60(b) motion because it was an unauthorized successive § 2255 motion); *El-Amin v. United States*, 172 Fed. Appx. 942 (11th Cir. 2006) (affirming district court's denial of Rule 60(b) motion, but remanding

to allow the district court to amend its order to reflect that the petition was dismissed for lack of jurisdiction); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (affirming district court's dismissal of Rule 60(b) motion as an unauthorized successive § 2255 motion).

In this case, Vanegas-Vera seeks relief under Rule 60(b)(5), Rule 60(b)(6), Rule 60(d)(1), and Rule 60(d)(3). I consider each in turn.

First, under Rule 60(b)(5), a court may vacate a judgment where: "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable. . . ." Fed. R. Civ. P. 60(b)(5). Vanegas-Vera claims that the Court should vacate his judgment of conviction because it resulted from a trial with Guzman, and Guzman's judgment of conviction was later vacated, which leads Vanegas-Vera to conclude that his conviction should be vacated as well. This Court, however, does not have jurisdiction to consider this argument as the claim is based neither on a clerical error, nor evidence of fraud on the court. *Gonzalez*, 366 F.3d at 1278. Because Vanegas-Vera's Rule 60(b)(5) claim falls within neither *Gonzalez* exception, and Venegas-Vera has not received authorization from the Eleventh Circuit to bring the claim, it must be dismissed.

Next, Vanegas-Vera seeks relief under the catch-all provision of Rule 60(b)(6), which provides that a court may vacate a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Vanegas-Vera argues that significant factual changes have occurred since his conviction and sentencing, rendering his sentence unjust. Once again, the petition

does not seek to correct a clerical error, nor does Vanegas-Vera demonstrate fraud on the court. Accordingly, the relief sought under Rule 60(b)(6) cannot be considered on the merits, and the claim should be dismissed.

Finally, Vanegas-Vera invokes two sections of Rule 60(d) as authority for this Court to vacate his conviction. A little background on this subsection of the Rule is needed, before addressing this claim.

In 2007, as part of a general restyling of the Civil Rules, Rule 60 was amended to make the Rule more easily read. *See* Advisory Committee Notes, 2007 Amendments, Fed. R. Civ. P. 60. Prior to the 2007 Amendments, Rule 60(b) included the following language:

> This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief under 28 U.S.C. § 1655, or to set aside a judgment for fraud upon the court.

Fed. R. Civ. P. 60 (2007). As part of the 2007 Amendments this language, slightly modified, was codified as Rule 60(d):

> (d) Other Powers to Grant Relief. This rule does not limit a court's power to:
>
> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>
> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
>
> (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d). Thus, the language in the current version of Rule 60(d) was, before 2007, and at the time the Eleventh Circuit issued its decision in *Gonzalez*, part of Rule 60(b).

9

In its exhaustive discussion of motions that must be construed as successive petitions under § 2254 and § 2255, the Eleventh Circuit in *Gonzalez* addressed only Rule 60(b) motions. 366 F.3d 1253. As already noted, Rule 60(d) did not yet exist. However, the court was clear that *all* motions brought under Rule 60(b) (which at the time included the language now found in Rule 60(d)), were to be treated as successive § 2254 and § 2255 petitions unless they fell within the clerical error, or fraud on the court, exceptions. *Id*. at 1285-86.

Since Rule 60 was amended, numerous courts have held that Rule 60(d) motions are subject to the same successive petition restrictions that govern motions under Rule 60(b). *See, e.g.*, *Blackwell v. United States*, No. 4:99-CV-1687 CAS, 2009 U.S. Dist. LEXIS 95553, *18-21 (E.D. Mo. Oct. 14, 2009) (construing Rule 60(d) motions as well as rule 60(b) motions as successive petitions); *Heffington v. United States*, No. CV-F-96-5295 OWW, 2009 U.S. Dist. LEXIS 59609, at *10-11 (E.D. Cal. July 13, 2009) (Rule 60(d)(1) motion to reopen and reconsider final judgment dismissing § 2255 petition was a successive claim for relief under § 2255 that had to be dismissed for lack of jurisdiction where court of appeals had not authorized claim); *United States v. Franklin*, 99-cr-238, 2008 U.S. Dist. LEXIS 101644, at *9 (E.D. Pa. Oct. 31, 2008) (motions filed under Rule 60(d)(3) were successive habeas motions under § 2255, which required authorization from court of appeals); *Dorsey v. Florida*, 8:08-CV-2380-T-30EAJ, 2008 U.S. Dist. LEXIS 101561 (M.D. Fla. Dec. 3, 2008) (Rules 60(d)(1) and (3) petition is successive § 2254 petition that required prior authorization from Court of Appeals); *United States v. Green*, 7:99-cr-32-1, 2010 U.S. Dist.

LEXIS 572 (W.D. Va. Jan. 5, 2010) (Rule 60(d) motion subject to dismissal as successive petition); *Kelley v. United States*, CV 104-179, 2009 U.S. Dist. LEXIS 98258 (S.D. Ga. Oct. 22, 2009)(same). It is thus clear that Vanegas-Vera's motion under Rule 60(d) falls within the Eleventh Circuit's holding in *Gonzalez*, and must be dismissed as a successive petition unless it meets the exception criteria.

Invoking Rule 60(d)(1), Vanegas-Vera argues that for the same reasons why Guzman was granted a new trial, Vanegas-Vera's conviction should not be accorded a presumption of correctness, and should be vacated. [DE 338, pp. 10-11]. This claim asserts neither a clerical error nor fraud on the court; accordingly, it should be dismissed without consideration of the merits.

In contrast, Vanegas-Vera's Rule 60(d)(3) claim does assert that a fraud was perpetrated on the court. Specifically, Vanegas-Vera complains that government witnesses falsely maintained that one of the ship's logs (the bell books) were missing during trial, when in fact they were in the government's possession. This log, he asserts, had exculpatory value because it demonstrated the impossibility of the government's theory of a ship-to-ship transfer of cocaine. This alleged fraud, however, is not of a kind cognizable under Rule 60(d): "[the] fraud exception to § 2244's prohibition on successive § 2255 motions, however, only applies 'where the fraud was perpetrated on the federal court and resulted in the denial of federal habeas relief, not where the fraud was perpetrated on a [trial] court.'" *El-Amin v. United States*, 172 Fed. Appx. 942, 945-6 (11th Cir. 2006) (quoting *Gonzalez*,

11

366 F.3d at 1284). Vanegas-Vera does not complain of fraud surrounding his § 2255 petition, which is what is expressly required for the exception to apply under the binding precedent of *Gonzalez* and *El-Amin*. Because Vanegas-Vera has not received authorization from the Eleventh Circuit to file a successive § 2255 petition, this Court lacks authority to consider the merits of the motion.

Accordingly, I recommend that Vanegas-Vera's Motion under 60(b) and 60(d) be dismissed without prejudice, so that he might apply to the Eleventh Circuit Court of Appeals for leave to file a successive § 2255 petition.

## 2. Writ of *Audita Querela*

In addition to his Rule 60(b) claims, Vanegas-Vera seeks relief under a writ of *audita querela*. A writ of *audita querela* – translated as "the complaint having been heard" – is an ancient writ traditionally used to challenge the enforcement of a judgment. BLACK'S LAW DICTIONARY 126 (9th ed. 2009). In the civil context, the writ of *audita querela* has been abolished. *See* Fed. R. Civ. P. 60(e): "Bills and Writs Abolished. The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela." As for criminal cases, the Eleventh Circuit has held that the writ may not be granted when relief is cognizable under § 2255. *United States v. Holt*, 417 F.3d 1172 (11th Cir. 2005). As already noted, Vanegas-Vera's challenge to his conviction is, in effect, a successive § 2255 petition. Accordingly, Vanegas-Vera's motion for relief under a writ of *audita querela* should be denied.

Vanegas-Vera cites one case in which a court held that a prisoner may use the writ of *audita querela* to seek postconviction relief: *Kessach v. United States*, No. C05-1828Z, 2008 U.S. Dist LEXIS 7739 (W.D. Wash., Jan. 18, 2008). The decision in *Kessach* does not affect the outcome of this case as a decision from that court, the Western District of Washington, and has no precedential value for this Court. And, as already noted, the Court of Appeals in this Circuit has settled the matter to the contrary.³ Moreover, since its decision in *Holt*, the Eleventh Circuit has repeatedly held that where relief is cognizable under § 2255, the writ of *audita querela* may not be used. *See, e.g., United States v. Chavarry*, , No. 09-13109, 2010 U.S. App. LEXIS 8714 (11th Cir. Apr. 27, 2010); *United States v. Arevalo*, No. 09-14784, 2010 U.S. App. LEXIS 5579 (11th Cir. Mar. 17, 2010); *United States v. Davis*, 352 Fed. Appx. 314 (11th Cir. 2009). In the face of express, binding precedent, the writ of *audita querela* is not available in this District to a prisoner seeking postconviction relief where relief is available under § 2255.

*Holt* is also instructive here given that Vanegas-Vera, as did Holt, is proceeding *pro se*. In *Holt*, the court determined that the petitioner was prohibited from using the writ of *audita querela* because relief was available under § 2255, but because the petitioner was proceeding *pro se*, the court liberally construed the petition as having been properly brought

---

³ It is worth noting that the weight of authority in other Circuits also holds that the writ of *audita querela* is unavailable here, as was found in numerous cases cited by Vanegas-Vera. *See, e.g., Carrington v. United States*, 503 F.3d 888 (9th Cir. 2007) (*audita querela* not available where the claims raised would be cognizable in a § 2255 petition); *Ayala*, 894 F.2d at 430 (same); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) (same).

13

under § 2255. *Id*. at 1175. However, because the petitioner had previously filed a § 2255 motion, and had not received authorization from the court of appeals to file a successive § 2255 motion, the district court correctly dismissed the motion. *Id*. Similarly, this Court may liberally construe Vanegas-Vera's motion for relief under a writ of *audita querela* as a § 2255 motion. But because Vanegas-Vera has not received authorization from the Eleventh Circuit to file a successive § 2255 petition, the Court has no jurisdiction to consider the motion. The motion therefore should be dismissed.

### B.     Motion to Compel and/or Supplement

After the government filed its response to his Motion for Relief from Judgment, Vanegas-Vera filed a Motion to Compel the government to further address the merits of his various claims for relief under Rules 60(b). He also wants this Court to order the government to address "the prosecutor's failure to inform Vanegas-Vera during the post-conviction proceedings of information tending to negate guilt, and why this is not a violation of the prosecutor's duties under the ABA and federal law." [DE 360, p. 1].

As for the first issue, while the government did not address the Rule 60 claims in a very substantive fashion, the Court has all the information it needs to determine with certainty that the claims must be dismissed under established Eleventh Circuit precedent. There is no need, therefore, to compel the government to supplement its Response. As for the second issue, it is entirely irrelevant as to whether Vanegas-Vera's motion for postconviction relief may proceed. As discussed at length, Vanegas-Vera's motion is an

14

unauthorized, successive § 2255 petition and the Court is without jurisdiction to consider the merits; thus, further argument on this matter is unnecessary.  Accordingly, Vanegas-Vera's Motion to Compel should be denied.

## III. RECOMMENDATIONS

For the reasons stated above, this Court recommends that:

1. The Court DISMISS without prejudice Vanegas-Vera's Motion for Relief from Judgment [DE 338], allowing Vanegas-Vera to seek permission from the Eleventh Circuit to file a successive § 2255 petition.

2. The Court DENY Vanegas-Vera's Motion to Compel and/or Supplement. [DE 360].

## IV. OBJECTIONS

Pursuant to Magistrate Rule 4(a), the parties may file written objections to this Report and Recommendation with the Honorable Alan S. Gold fourteen (14) days of the date of this Report and Recommendation.  Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein.  *See RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 22nd day of November, 2010.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

15

cc:  The Honorable Alan S. Gold
     All counsel of record
     Gerardo E. Vanegas-Vera, *pro se*
     Reg. No. 58655-004
     FCI Fort Dix – West
     P.O. Box 2000, Unit 5802
     Fort Dix, NJ 08640