UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-663-CR-GOLD/MCALILEY

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GERARDO E. VANEGAS-VERA,

        Defendant.
_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR RECONSIDERATION BE DENIED

Pending before the Court is a Motion for Reconsideration filed by *pro se* Petitioner, Gerardo E. Vanegas-Vera ("Vanegas-Vera") [DE 368], referred to me by the Honorable Alan S. Gold [DE 369]. Having considered the motion and the record, the Court recommends that the motion be denied, for the reasons set forth below.

This Court submitted a Report and Recommendation that Vanegas-Vera's Motion for Relief from Judgment and Motion to Compel be denied [DE 367]. Vanegas-Vera then filed the instant Motion for Reconsideration of that Report and Recommendation. In his motion, Vanegas-Vera states as follows:

> On review, the Supreme Court disagreed with a portin [sic] of the Eleventh Circuit's **analysis on review in <u>Gonzalez v. Crosby</u>**, 545 U.S. 524 (U.S. - 2005). The Court stated: "We hold that a Rule 60(b)(6) motion in a 2254 case is no to [sic] treated as a successive habeas petition if it does not assert, or reassert, claim of errror [sic] the movant's state conviction. . .".

1

[DE 368 at p. 1 (emphasis in original)]. In my Report and Recommendation, I specifically addressed the argument raised by Vanegas-Vera, and found it to be without merit:

> On review, the Supreme Court disagreed with a portion of the Eleventh Circuit's analysis on review in *Gonzalez v. Crosby*, 545 U.S. 524 (U.S. 2005). The Court stated: "We hold that a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. A motion that, like petitioner's, challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3)." *Id.* at 538. This disagreement by the Supreme Court does not affect the applicability of *Gonzalez* to this case. Here, Vanegas-Vera's petition does reassert claims of error in his conviction, and the petition therefore does not fall within the exception created by the Supreme Court. Moreover, the Supreme Court specifically stated that its review was limited to petitions under 28 U.S.C. § 2254: "In this case we consider only the extent to which Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254, which governs federal habeas relief for prisoners convicted in state court. Federal prisoners generally seek postconviction relief under § 2255, which contains its own provision governing second or successive applications. Although that portion of § 2255 is similar to, and refers to, the statutory subsection applicable to second or successive § 2254 petitions, it is not identical. Accordingly, we limit our consideration to § 2254 cases." *Id.* at 530, n. 3. Because Vanegas-Vera is a federal prisoner operating under 28 U.S.C. § 2255, the Supreme Court's decision in *Gonzalez* does not apply in this case.

[DE 367 at p. 6, fn. 2]. The reasoning set forth in my original Report and Recommendation remains applicable here. The Supreme Court's disagreement with one portion of the *Gonzalez* holding does not apply in this case, and does not provide Vanegas-Vera with a basis for reconsideration. Accordingly, this Court recommends that:

1. The Court DENY Vanegas-Vera's Motion for Reconsideration [DE 368].

2. The Court DENY without prejudice Vanegas-Vera's Motion for Relief from

Judgment [DE 338], allowing Vanegas-Vera to seek permission from the Eleventh Circuit to file a successive § 2255 petition.

3. The Court DENY Vanegas-Vera's Motion to Compel and/or Supplement. [DE 360].[1]

Pursuant to Magistrate Rule 4(a), the parties may file written objections to this Report and Recommendation with the Honorable Alan S. Gold within fourteen (14) days of the date of this Report and Recommendation. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *See RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 3rd day of February, 2011.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Alan S. Gold
All counsel of record
Gerardo E. Vanegas-Vera, *pro se*
Reg. No. 58655-004
FCI Fort Dix – West
P.O. Box 2000, Unit 5802
Fort Dix, NJ 08640

---

[1] Vanegas-Vera did not move for reconsideration or file objections to my recommendation that the Motion to Compel be denied.